UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

**09-CV-60526-Cohn-Seltzer**

LUIS LEBRON, individually,

     Plaintiff,

v.

POLLACK & ROSEN, P.A., a Florida Corporation, and
JOSEPH F. ROSEN, individually,

     Defendants.

_____/

```
FILED by   VT    D.C.
ELECTRONIC

April 8, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

### PARTIES

3.    Plaintiff, LUIS LEBRON, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant, POLLACK & ROSEN, P.A., is a Florida Corporation and law office with its principal place of business located at 800 Douglas Road, North Tower, Suite 450, Coral Gables, Florida 33134 and whose principle occupation is collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5.     Defendant, JOSEPH F. ROSEN, is an attorney residing and working in the State of Florida from offices located at 800 Douglas Road, North Tower, Suite 450, Coral Gables, Florida 33134 and whose principle occupation is collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.

7.     Defendants regularly collect or attempt to collect debts for other parties. They are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

8.     At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

9.     With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

2

*(a) Abusive practices*
There is abundant evidence of the use of abusive, deceptive, and
unfair debt collection practices by many debt collectors. Abusive debt
collection practices contribute to the number of personal bankruptcies,
to marital instability, to the loss of jobs, and to invasions of individual
privacy.

*(b) Inadequacy of laws*
Existing laws and procedures for redressing these injuries are
inadequate to protect consumers.

## FACTUAL ALLEGATIONS

10.     Defendant sought to collect a debt from Plaintiff arising from personal
medical services.

11.     The alleged debt was reduced to a judgment in the State of Florida on
or about February 16, 2000.

12.     A true and correct copy of the judgment is attached hereto as Exhibit
"A".

13.     On March 17, 2009, Defendants sent Plaintiff a written request for
payment of the alleged debt.

14.     The aforementioned letter was signed by JOSEPH F. ROSEN.

15.     A true and correct copy of the written request is attached hereto
Exhibit "B".

16.     The written request states in absolute terms that that the alleged
judgment will negatively impact LUIS LEBRON's ability to buy or sell a home.

3

17.     In the State of Florida, a judgment cannot become a lien upon real property until a certified copy of said judgment is recorded in the county where the judgment debtor's real property is located.  Tomalo v. Kingsley Displays, Inc., 862 So.2d 899 (Fla. 2d DCA 2003).

18.     The judgment at issue, although recorded, was never certified and thus cannot impact LUIS·LEBRON's ability to buy or sell a home.

19.     The March 17, 2009 correspondence also states that "this [attachment upon your personal property] is subject to a $1,000.00 personal property exemption."

20.     In the State of Florida, one can claim $4,000.00 dollars or more per person in personal property exemption so long as one does not make a homestead claim.  Furthermore, unless a judgment creditor has a lien or security interest in the personal property at issue, the Florida constitutional exemption of $1,000.00 dollars and the Florida statutory exemption of $4,000.00 dollars allow one to protect up to a total of $5,000.00 dollars per person worth of personal property from execution or attachment.  Osborne v. Smith, 398 B.R. 355 (S.D. Fla. December 5, 2008); Fla. Const., Art. 10, § 4; and Fla. Stat. § 222.25(4).

21.     Plaintiff has not filed a claim of homestead in the State of Florida and maintains that he would be subject to the $5,000.00 dollars personal property exemption instead of the $1,000.00 dollars exemption recited by Defendants.

4

## COUNT I
## FALSE REPRESENTATION OF THE CHARACTER, AMOUNT
## OR LEGAL STATUS OF THE ALLEGED DEBT

22.    Plaintiff incorporates Paragraphs 1 through 21.

23.    By suggesting that the alleged judgment may prevent Plaintiff from buying or selling his real property, Defendant falsely represented the character, amount or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of the instant suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT II
## DECEPTIVE OR MISLEADING NOTICE

24.    Plaintiff incorporates Paragraphs 1 through 21.

25.    By containing confusing and/or contradictory language in its March 17th correspondence, Defendants violated 15 U.S.C. §1692e(10) as the statements contained in said demand letter would be deceptive or misleading to the least

5

sophisticated consumer with respect to his legal rights and exemptions under Florida law.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT III
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

26.    Plaintiff incorporates Paragraphs 1 through 21.

27.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendants practices are in violation of the FDCPA and FCCPA.

28.    The FCCPA provides for equitable relief including injunctive relief. Berg v. Merchs. Ass'n Collection Div., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

29.    Plaintiff seeks both injunctive relief and equitable relief in accordance with his rights under both state and federal law.

6

WHEREFORE, PLAINTIFFS requests that the Court enter judgment:

     a.    Declaring that Defendants have violated both the FDCPA and FCCPA.

     b.    Permanently enjoining Defendants from misrepresenting Florida law;

     c.    Attorney's fees, litigation expenses and costs of suit; and

     d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this _8 TH_ day of April, 2009.

SCOTT D. OWENS, ESQ.
Attorney for Plaintiff
Cohen & Owens, P.A.
3801 Hollywood Blvd., Suite 200
Hollywood, FL 33021
Telephone: 954-923-3801
Facsimile: 954-967-2791
scott@cohenowens.com

By: _____
Scott D. Owens, Esq.
Florida Bar No. 0597651

7

IN THE COUNTY COURT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 99-03054-COSO-60

LIFEMARK HOSPITALS OF FLORIDA, INC.,
d/b/a PALMETTO GENERAL HOSPITAL,

Plaintiff,

vs.

LUIS LEBRON,

Defendant.

INSTR # 100113955
OR BK 30293 PG 0584
RECORDED 02/29/2000 03:58 PM
COMMISSION
BROWARD COUNTY
DEPUTY CLERK 1026

ORDER FOR PAYMENT

This action was heard upon the Pre-Trial Conference that was held on January
18, 2000 at 9:00 AM wherein the defendant admit liability of the amount sued.

IT IS ADJUDGED that Plaintiff shall recover from the defendant, $1,342.00
principal, court cost of $129.00 and attorney fees of $250.00, (*Interest in the amount of
$300.00 will be waived provided all payments are made as they become due*), for a
total of $1,721.00 for which execution shall be withheld provided:

Defendant pays unto Plaintiff the sum of $50.00 per month commencing
February 21, 2000 and on the 21st day of each month thereafter until the
aforementioned sum is paid in full.

Payments shall be sent to Pollack & Rosen, P.A., 802 Douglas Road, Suite 720,
Coral Gables, Florida 33134. Checks or Money Orders shall be payable to "Pollack &
Rosen, P.A., Trust Account".

If the Defendant fails to make any installment, then Plaintiff shall file an affidavit
with the Court without notice to the Defendant and the Court shall issue an Order lifting
said Stay of Execution. + *Final Judgment,*

DONE AND ORDERED in Broward County, Florida, this___ day of _____.

FEB 16 2000

_____
BROWARD COUNTY COURT JUDGE

RETURN TO:
COUNTY COURT
3550 HOLLYWOOD BLVD,
HOLLYWOOD, FL 33021

# EXHIBIT A

800 Douglas Road
North Tower, Suite 450
Coral Gables, FL 33134

Return Service Requested

17 MAR 2009

Law Offices
Pollack & Rosen, P.A.
(305) 448-0006 • (888) 448-1557
Fax (305) 569-0101

**ACCOUNT IDENTIFICATION**
RE:
Plaintiff:      Palmetto General Hospital
Defendant:   Luis Lebron
File Number:  251444

Luis Lebron
8741 NW 17th Ct
Pembroke Pines, FL  33024-3301

Ilollloollollloondobblololollooolbbloollobolollobol

# EXHIBIT B

A judgment has been entered against you.  Per Florida law, you are now a Judgment Debtor.  This judgment will be reflected on your credit and negatively effect your ability to buy or sell a home.  Under Florida law, our client can execute upon a judgment as follows:

A.   Garnish your wages - which means taking part of your salary (unless you are head of household).  This is subject to applicable State and Federal guidelines.

B.   Foreclose your real estate - which means having the sheriff sell your property (including, in some cases, your property, to pay off the judgment unless said property is homestead or joint tenancy).

C.   Attach your personal property - which means having the sheriff sell your personal belongings (including, in some cases, your car, furniture, clothing and jewelry) to pay off the judgment.  This is subject to a $1,000.00 personal property exemption.

D.   Take your deposition in aid of execution - which means having you appear before a court reporter to tell us about your personal finances.  This may become public record.  If you fail to appear, you may be held in contempt of court, taken by the Sheriff and brought before the Judge.

You may avoid the above by immediately contacting our office to arrange for payment of this outstanding debt or by forwarding payment to our office with the account number referenced above.

Please be advised that any check payments received may be processed as an electronic debt to your account. By processing your check as an electronic item, we are required to destroy your check. The destruction of the check is required as a part of the National Association clearing house Association rules and regulations. If you do not wish to have your check converted into an electronic debit, please call our customer service department.

This is an attempt to collect a debt and any information we obtain will be used for that purpose.

Very truly yours,

*Joseph F. Rosen*

Joseph F. Rosen, Esq.

Your Account Representative is:  Chrysten Lowe

-------------------------------------------Detach and Return --------------------------------------------

From:  Luis Lebron

File #: 251444

Street Address: _____

City, State, Zip: _____

Home Phone: _____

**To pay by credit card or electronic check, complete the below:**

VISA        MasterCard        American Express

Check one: ☐ Visa      ☐ MasterCard     ☐ Am. Express
Card/Account # _____
Card Exp Date _____ or Check # _____
Card/Account Holder Name as it appears on card/check:

_____

Signature: _____

Bank Name: _____
Address as it appears on the check:

_____

ABA Transit Number (Routing #):

_____
(must be nine digits)
Payment Amt $ _____

800 Douglas Road
North Tower, Suite 450
Coral Gables, FL  33134

Illollloollollolololollooolbbbdbdbbdbdbdbdool

*&JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

LUIS LEBRON, individually

**(b)** County of Residence of First Listed Plaintiff   **Broward County**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Scott D. Owens, Esq./COHEN & OWENS, P.A.
3801 Hollywood Boulevard, Suite 200, Hollywood, FL 33021
Phone: 954-923-3801

**DEFENDANTS**

POLLACK & ROSEN, P.A. and JOSEPH F. ROSEN

County of Residence of First Listed Defendant   **Miami-Dade**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ❑ MIAMI- DADE  ❑ MONROE  ☑ BROWARD  ❑ PALM BEACH  ❑ MARTIN  ❑ ST. LUCIE  ❑ INDIAN RIVER  ❑ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

❑ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
❑ 2  U.S. Government Defendant
❑ 4  Diversity (Indicate Citizenship of Parties in Item III)

*[handwritten: 0:09 CV 60526 - Cohn B S S]*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Med. Malpractice | ❑ 625 Drug Related Seizure | 28 USC 157 | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | Liability | ❑ 365 Personal Injury - | of Property 21 USC 881 | | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 460 Deportation |
| & Enforcement of Judgment | Slander | ❑ 368 Asbestos Personal | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 470 Racketeer Influenced and |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Injury Product | ❑ 650 Airline Regs. | ❑ 830 Patent | Corrupt Organizations |
| ❑ 152 Recovery of Defaulted | Liability | Liability | ❑ 660 Occupational | ❑ 840 Trademark | ❑ 480 Consumer Credit |
| Student Loans | ❑ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❑ 490 Cable/Sat TV |
| (Excl. Veterans) | ❑ 345 Marine Product | ❑ 370 Other Fraud | ❑ 690 Other | | ❑ 810 Selective Service |
| ❑ 153 Recovery of Overpayment | Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 380 Other Personal | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | Property Damage | Act | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge |
| ❑ 190 Other Contract | Product Liability | ❑ 385 Property Damage | ❑ 720 Labor/Mgmt. Relations | ❑ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Product Liability | ❑ 730 Labor/Mgmt.Reporting | ❑ 864 SSID Title XVI | ■ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury | | & Disclosure Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate | ❑ 790 Other Labor Litigation | ❑ 870 Taxes (U.S. Plaintiff | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 442 Employment | Sentence | ❑ 791 Empl. Ret. Inc. Security | or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ | **Habeas Corpus:** | Act | ❑ 871 IRS—Third Party | ❑ 895 Freedom of Information Act |
| ❑ 240 Torts to Land | Accommodations | ❑ 530 General | | 26 USC 7609 | |
| ❑ 245 Tort Product Liability | ❑ 444 Welfare | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 900 Appeal of Fee Determination |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - Employment | ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | Under Equal Access to Justice |
| | ❑ 446 Amer. w/Disabilities - Other | ❑ 550 Civil Rights | ❑ 463 Habeas Corpus-Alien Detainee | | ❑ 950 Constitutionality of State |
| | ❑ 440 Other Civil Rights | ❑ 555 Prison Condition | ❑ 465 Other Immigration Actions | | Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
❑ 2 Removed from State Court
❑ 3 Re-filed— (see VI below)
❑ 4 Reinstated or Reopened
❑ 5 Transferred from another district (specify)
❑ 6 Multidistrict Litigation
❑ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ❑ YES ☑ NO      b) Related Cases ❑ YES ☑ NO
JUDGE                                  DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
FDCPA Violation

LENGTH OF TRIAL via _1_ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
❑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ❑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  4/8/09

FOR OFFICE USE ONLY

AMOUNT *[handwritten: 260 p]*   RECEIPT # *[handwritten: 545763]*  IFP